IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

| | |
|---|---|
| David Meyers,                )<br><br>             Petitioner,   )<br><br>                   )<br><br>      vs.                 )<br><br>                   )<br>Todd Ishee, Secretary, North Carolina  )<br>Department of Adult Correction,     )<br><br>             Respondent.[2] )<br>_____)| C/A No. 5:23-cv-00081-DCC-KFM[1]<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner, a state prisoner currently housed at Alexander Correctional Institute ("Alexander"), a facility of the North Carolina Department of Adult Correction ("NCDAC"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.  On September 14, 2023, the Fourth Circuit Court of Appeals designated the Honorable Donald C. Coggins, Jr., United States District Judge for the District of South Carolina, to hold court in the Western District of North Carolina for all proceedings in the instant matter (doc. 4).  During this same time, the Honorable Martin Reidinger, Chief United States District Judge for the Western District of North Carolina, entered an order designating the Honorable Kevin F. McDonald, United States Magistrate Judge, to hold court and perform any and all judicial duties designated under 28 U.S.C. § 636 for all pretrial proceedings in the instant matter (doc. 5).  As such, this magistrate judge is

_____

[1] The case number has been updated based upon the reassignment of this matter. The parties are directed to update any future filings in this case accordingly.

[2] The docket has been updated to reflect the petitioner's custodian as the respondent.  Because the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates, the docket has been updated to reflect the respondent as Todd Ishee, Secretary, North Carolina Department of Adult Correction.  *See* N.C. Gen. Stat. § 148-4; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (noting that a petitioner's custodian is the only proper respondent in a habeas corpus action).

authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## LITIGATION HISTORY

The petitioner in this action is a prolific *pro se* filer with more than 180 prior cases filed in courts across the nation (*See* Exhibit A), whose frivolous and abusive filing practices have resulted in the imposition of prefiling sanctions in multiple courts. *See e.g.*, *Meyers v. Bishop, et al*., C/A No. 22-6789, at doc. 27 (4th Cir. Jan. 4, 2023); *Meyers v. Sup. Ct. of Va., et al*., C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5 (E.D. Va. Nov. 3, 2022); *Meyers v. Roanoke U.S. Att'y*, *et al*., C/A No. 7:19-cv-00573-NKM-JCH, at doc. 10 (W.D. Va. Sept. 6, 2019). For example, on September 9, 2019, in the United States District Court for the Western District of Virginia, the Honorable Norman K. Moon, Senior United States District Judge, entered an order enjoining the petitioner from bringing any new non-habeas civil actions unless the filing complied with certain requirements set forth in the injunction. *See Meyers*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 10. On November 3, 2022, due to continued abusive and frivolous filing practices, prefiling review restrictions were imposed against the petitioner by the United States District Court for the Eastern District of Virginia. *See Meyers*, C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5. The Honorable Arenda L. Wright Allen, United States District Judge, ordered that the petitioner would have to request court approval to file any civil non-habeas proceeding in which the petitioner sought to proceed *in forma pauperis*. *Id*. Further, on January 4, 2023, the Fourth Circuit Court of Appeals entered a prefiling injunction against the petitioner based on his history of filing frivolous and malicious actions in the Fourth Circuit Court of Appeals. *See Meyers*, C/A No. 22-6789, at doc. 27 (4th Cir. Jan. 4, 2023). To date, the prefiling restrictions have not been rescinded.

2

## ALLEGATIONS

**Petitioner's Conviction and Sentence**

After a jury trial in the Virginia Circuit Court for the City of Petersburg in 2014, the petitioner was found guilty of robbery, malicious wounding, two counts of abduction, and four counts of the use of a firearm in the commission of a felony. *Meyers v. Clarke*, C/A No. 2:19-cv-00234-AWA-RJK, 2020 WL 4745123, at *1 (E.D. Va. June 15, 2020), *Report and Recommendation adopted by* 2020 WL 4740477 (E.D. Va. Aug. 14, 2020). The petitioner was sentenced to thirty years in prison. *Id*. The petitioner appealed his convictions, but his convictions were affirmed. *Id*. at *1–2.

**Prior Collateral Attacks**

On April 12, 2019, the petitioner filed a federal habeas petition in the United States District Court for the Eastern District of Virginia. *Meyers*, C/A No. 2:19-cv-00234-AWA-RJK (E.D. Va.). On August 14, 2020, the petitioner's petition was denied on the merits. *Meyers*, 2020 WL 4740477 (E.D. Va. Aug. 14, 2020). The petitioner has filed two other habeas petitions in the United States District Court for the Eastern District of Virginia that have been dismissed as successive, and a third habeas petition is currently pending, with a Report and Recommendation recommending that the petition be dismissed as successive. *See Meyers v. Clarke, et al*., C/A No. 2:23-cv-00022-AWA-DEM (E.D. Va.) (pending report and recommendation recommending dismissal as successive); *Meyers v. Ishee, et al*., C/A No. 3:22-cv-00138-MHL-MRC, 2022 WL 1633619 (E.D. Va. May 23, 2022) (dismissing habeas claims as successive); *Meyers v. Clarke*, C/A No. 2:20-cv-00466-AWA-LRL, at doc. 29 (E.D. Va. Jan. 15, 2021) (dismissing habeas claims as successive).

**Petitioner's Present Action**

In the instant matter, the petitioner asserts that his rights have been violated by various NCDAC employees based upon retaliatory disciplinary charges brought against the petitioner between December 2021 and April 2023 (doc. 1 at 1, 5). The petitioner

3

asserts that the disciplinary charges have resulted in eight years being added onto his sentence (*id*. at 5). He further contends that in 2021, he was kidnapped from the Virginia Department of Corrections (hereinafter "Virginia DOC") and brought to the NCDAC (*id*. at 7, 8–9). He alleges that he is being held in long term solitary segregation, that he cannot earn good time credits, and that his security classification level has not been adjusted (*id*. at 7, 10). For relief, the petitioner seeks to have all of his disciplinary infractions vacated, to have 8 years' credit added to his sentence, and to be transferred to the Virginia DOC (*id*. at 15).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973). Because the petitioner is in custody pursuant to the judgment of a State Court, his application is evaluated under 28 U.S.C. § 2254 for purposes of 28 U.S.C. § 2244(b), even if the petitioner challenges the execution of a state sentence. *In re*

4

*Wright*, 826 F.3d 774, 779 (4th Cir. 2016). As outlined in more detail below, the instant petition is subject to dismissal. As an initial matter, it appears that the instant matter is duplicative of an action the petitioner filed in the United States District Court for the Middle District of North Carolina in April 2023. *See Meyers v. Scotland Corr. Inst., et al.*, C/A No. 1:23-cv-00360-LCB-JEP (M.D.N.C.) (pending) (hereinafter "MDNC Case"). Efficient judicial administration generally requires the federal courts to avoid duplicative federal legislation. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Generally, a duplicative case pending in federal court may be dismissed when wise judicial administration favors abstention. *Id.* Suits are considered duplicative/parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)). In the MDNC Case, which was filed months before the instant matter, the petitioner seeks relief relating to disciplinary infractions dated between August 2021 and April 2023 and seeks transfer to the Virginia DOC. *Meyers*, C/A No. C/A No. 1:23-cv-00360-LCB-JEP, at doc. 1. Similarly, as noted above, the petitioner seeks relief in this action relating to disciplinary infractions dated between December 2021 and April 2023 as well as transfer to the Virginia DOC (*see* doc. 1). As such, judicial efficiency supports dismissal of the instant action in light of the earlier filed MDNC Case.

**The petition is subject to summary dismissal**

Aside from the foregoing, the petitioner's petition is also subject to summary dismissal for other reasons. First, although the petitioner purports to bring this action pursuant to 28 U.S.C. § 2254, his claims are a mix of habeas and conditions of confinement claims (*see* doc. 1). For example, although the petitioner does not seek money damages, he does seek relief based upon alleged retaliation by NCDAC employees, because he was attacked by NCDAC employees, because he has been held in solitary/segregation units,

5

because he has been falsely imprisoned, and because he is not able to earn good time credits (*id*. at 1, 7, 10). Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and civil rights complaints. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). In *Preiser v. Rodriguez*, the United States Supreme Court recognized that "the essence of habeas corpus" in both federal statute and common law "is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." 411 U.S at 484. However, the Supreme Court did not specifically decide whether a prisoner could bring a habeas claim for alleged unconstitutional conditions of confinement. *Id*. at 499–500.

As recognized by the Fourth Circuit Court of Appeals, since *Preiser*, a circuit split has developed, with seven circuits finding (in published opinions) that claims challenging conditions of confinement cannot be brought in a habeas petition. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163–64 (4th Cir. 2019) (unpublished per curiam opinion) (collecting cases noting that while the First and Second Circuits recognize conditions of confinement claims under habeas statutes, the Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits do not). Although the Fourth Circuit has not issued a published decision on the matter, several unpublished Fourth Circuit decisions have held that conditions of confinement claims are not cognizable in habeas proceedings. *Id*. (collecting unpublished cases holding that conditions of confinement claims are not cognizable in habeas proceedings). Accordingly, the petitioner may not seek relief relating to his alleged segregation or other unconstitutional conditions of confinement in this action because this circuit does not recognize such claims in habeas proceedings.

Even construing the petitioner's claims as habeas claims under § 2254, his petition would still be subject to dismissal, because his vague and conclusory allegations fail to meet the pleading requirements set forth in Fed. R. Civ. P. 8. *See* Fed. R. Civ. P. 8 (requiring that pleadings contain a "short and plain statement of the claim showing the

6

pleader is entitled to relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, the petitioner's reference to unspecified disciplinary infractions spanning a two year period and involving many NCDAC employees, fail to provide a plausible claim for relief. Moreover, as the petitioner has been previously informed by the Honorable Glen E. Conrad, Senior United States District Judge for the Western District of Virginia, pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases, he may not seek to join "together the judgments of multiple disciplinary hearing officers" at unspecified facilities over a two year period. *Meyers v. Clarke, et al.*, C/A No. 7:20-cv-00087-GEC-PMS, 2020 WL 1892309, at *2 (W.D. Va. Apr. 16, 2020). Indeed, it is unclear whether the disciplinary infractions were imposed by the Virginia DOC or the NCDAC. As such, to the extent the petitioner purports to challenge disciplinary infractions from 2021 to 2023, he must file a separate petition for each specific disciplinary infraction. *Id*.

Additionally, the petitioner's request that he be transferred to Virginia DOC seeks relief that this court cannot grant because the decision about where to house any particular inmate is generally committed to the discretion of state officials. *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) (noting that "federal courts do not sit to supervise state prisons"). Additionally, to the extent the petitioner's habeas claims involve his inability to earn good time credits or seeks to have his custody status reviewed, his claims would fail because prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement or in the ability to earn good credit time. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding no constitutional right under the due process clause to a particular security classification or prison placement), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Mills v. Holmes*, 95 F. Supp. 3d 924, 935 (E.D. Va. 2015) (citing *West v. Angelone*, 165 F.3d 22 (4th Cir. 1998) (unpublished) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . . ."). As such, this petition

7

is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the petitioner's § 2254 petition be dismissed without requiring the respondent to file an answer or return.[3] ***The attention of the parties is directed to the important notice on the last page.***

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

October 5, 2023
Greenville, South Carolina

---

[3] The petitioner cannot cure the deficiencies noted herein at this time; however, dismissal without prejudice is recommended because the Court of Appeals has held that dismissals for lack of subject-matter jurisdiction must be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 185 (4th Cir. 2013).

8

## <u>EXHIBIT A</u>

**United States District Court for the Western District of North Carolina**

*Meyers v. Sec. of Health and Hum. Servs., et al*., C/A No. 3:22-cv-00569-MR, at doc. 7 (W.D.N.C. Oct. 28, 2022) (transferring civil action to the United States District Court for the Middle District of North Carolina)

*Meyers v. Foothills Corr. Inst. Wardens, et al*., C/A No. 1:23-cv-00123-GCM, 2023 WL 3743069 (W.D.N.C. May 31, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. John Does, et al*., C/A No. 5:23-cv-00064-MR, 2023 WL 4280676 (W.D.N.C. June 29, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S., et al*., C/A No. 3:23-cv-00223-MR-DCK, 2023 WL 4281733 (W.D.N.C. June 29, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Migos-Migos, et al*., C/A No. 5:23-cv-00083-FDW, 2023 WL 4534616 (W.D.N.C. July 13, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. Baucom, et al.*, C/A No. 5:23-cv-00082-MR, 2023 WL 4552757 (W.D.N.C. July 14, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 5:23-cv-00086-RJC, 2023 WL 4768195 (W.D.N.C. July 26, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if he continues filing frivolous litigation)

*Meyers v. Marshall, et al*., C/A No. 5:23-cv-00080-MOC, 2023 WL 4919689 (W.D.N.C. Aug. 1, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

*Meyers v. Honeycutt, et al*., C/A No. 5:23-cv-00108-GCM, 2023 WL 5254722 (W.D.N.C. Aug. 14, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule and warning that sanctions may be entered if the plaintiff continued filing frivolous litigation)

**United States District Court for the Eastern District of North Carolina**

*Meyers v. Boxer, et al*., C/A No. 5:21-ct-03211-FL, at doc. 15 (E.D.N.C. Feb. 28, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Ishee, et al*., C/A No. 5:21-hc-02165-BO, at doc. 16 (E.D.N.C. Mar. 10, 2022) (transferring habeas action to the United States District Court for the Eastern District of

9

Virginia)

*Meyers v. Captain Covington, et al.*, C/A No. 5:21-ct-03279-D, 2022 WL 1089230 (E.D.N.C. Mar. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Chief Judge, et al.*, C/A No. 5:22-ct-03011-D, 2022 WL 14812656 (E.D.N.C. Mar. 23, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 5:22-ct-03135-M, at doc. 4 (E.D.N.C. May 16, 2022) (dismissing civil action for failure to prosecute)

*Meyers v. U.S.*, C/A No. 5:22-ct-03106-D, at doc. 17 (E.D.N.C. Oct. 21, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Interstate Compact Adm'r, et al.*, C/A No. 5:23-ct-03170-FL-RJ (E.D.N.C.) (pending)

**United States District Court for the Middle District of North Carolina**

*Meyers v. Jacobs, et al.*, C/A No. 1:21-cv-00855-LCB-JEP, at doc. 16 (M.D.N.C. May 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Jacobs, et al.*, C/A No. 1:22-cv-00082-LCB-JEP, at doc. 6 (M.D.N.C. May 19, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Gaul, et al.*, C/A No. 1:22-cv-00119-LCB-JEP, at doc. 5 (M.D.N.C. May 19, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Hampton, et al.*, C/A No. 1:22-cv-00150-LCB-JEP, at doc. 14 (M.D.N.C. July 13, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. The Chief Judge of the U.S. Dist. Ct., et al.*, C/A No. 1:22-cv-00104-MOC-DCK, at doc. 8 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. The Chief U.S. Dist. Judge, et al.*, C/A No. 1:22-cv-00120-MOC-DCK, at doc. 11 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Chief U.S. Dist. Judge, et al.*, C/A No. 1:22-cv-00132-MOC-DCK, at doc. 13 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. U.S. Dist. Ct. for the Middle Dist. of N.C., et al.*, C/A No. 1:22-cv-00266-MOC-

DCK, at doc. 8 (M.D.N.C. Aug. 10, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. U.S.*, C/A No. 1:22-cv-00382-MOC-DCK, at doc. 6 (M.D.N.C. Aug. 10, 2022)(dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Scotland Corr. Inst. Wardens, et al*., C/A No. 1:22-cv-00414-LCB-JEP, at doc. 4 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Denison, et al*., C/A No. 1:22-cv-00456-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Scott, et al*., C/A No. 1:22-cv-00457-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Grander, et al*., C/A No. 1:22-cv-00509-LCB-JEP, at doc. 4 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Ishee, et al*., C/A No. 1:22-cv-00804-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Hafeez, et al*., C/A No. 1:22-cv-00829-LCB-JEP, at doc. 5 (M.D.N.C. Nov. 29, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Brookins, et al*., C/A No. 1:22-cv-00310-LCB-JEP, at doc. 7 (M.D.N.C. Dec. 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Locklear, et al*., C/A No. 1:22-cv-00348-LCB-JEP, at doc. 8 (M.D.N.C. Dec. 9, 2022) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that to the extent the plaintiff alleged imminent danger of serious injury the allegations were dismissed as frivolous)

*Meyers v. U.S., et al*., C/A No. 1:22-cv-00207-MOC-DCK, at doc. 22 (M.D.N.C. Mar. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Sec'y of Health and Hum. Servs., et al*., C/A No. 1:22-cv-00968-LCB-JEP, 2023 WL 5312058 (M.D.N.C. Aug. 2, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that to the extent the plaintiff alleged imminent danger of serious injury the allegations were

11

dismissed as frivolous)

*Meyers v. McDowell, et al.*, C/A No. 1:22-cv-01030-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee and noting that to the extent the plaintiff alleged imminent danger of serious injury the allegations were dismissed as frivolous)

*Meyers v. Gernegen, et al.*, C/A No. 1:22-cv-01067-LCB-JEP, at doc. 6 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies)

*Meyers v. Locklear, et al.*, C/A No. 1:22-cv-01096-LCB-JEP, at doc. 6 (M.D.N.C. Aug. 29, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. U.S.*, C/A No. 1:23-cv-00058-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 30, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. Gernegen, et al.*, C/A No. 1:23-cv-00273-LCB-JEP, at doc. 11 (M.D.N.C. Aug. 30, 2023) (dismissing case without prejudice to refiling on proper form to correct filing deficiencies including payment of the filing fee)

*Meyers v. Futrell, et al.*, C/A No. 1:23-cv-00359-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. Scotland Corr. Inst., et al.*, C/A No. 1:23-cv-00360-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. Lower, et al.*, C/A No. 1:23-cv-00203-LCB-JEP (M.D.N.C.) (pending)

*Meyers v. U.S.*, C/A No. 1:23-cv-00075-LCB-JEP (M.D.N.C.) (pending)

**United States District Court for the Eastern District of Pennsylvania**

*Meyers v. Martinez, et al.*, C/A No. 2:10-cv-01607-ER, at doc. 4 (E.D. Pa. June 18, 2010) (dismissing habeas action based on subject matter jurisdiction because the petitioner was not housed in that district as well as based on the petition being duplicative of a petition brought in the district where the petitioner was housed)

**United States District Court for the Middle District of Pennsylvania**

*Meyers v. Martinez*, C/A No. 1:10-cv-01151-JEJ-SF, 2010 WL 2746387 (M.D. Pa. July 9, 2010) (dismissing habeas action based on failure to exhaust and because claims lacked merit)

*Meyers v. Martinez*, C/A No. 1:10-cv-02445-JEJ-SF, at doc. 4 (M.D. Pa. Jan. 18, 2011) (consolidating habeas petition with Case Number 1:10-cv-01817-JEJ-SF and closing case)

*Meyers v. U.S. Dist. Ct. for the Middle Dist. of Pa., et al.*, C/A No. 1:11-cv-00173-JEJ-SF,

2011 WL 766937 (M.D. Pan. Feb. 25, 2011) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Martinez*, C/A No. 1:11-cv-00536-JEJ-SF, at doc. 5 (M.D. Pa. Apr. 19, 2011) (consolidating habeas petition with Case Number 1:10-cv-01817-JEJ-SF and closing case)

*Meyers v. Martinez*, C/A No. 1:10-cv-01817-JEJ-SF, 2011 WL 2746177 (M.D. Pa. July 12, 2011) (dismissing habeas action as moot)

*Meyers v. Tickefoose, et al.*, C/A No. 1:13-cv-01630-JEJ-AA, 2013 WL 4607449 (M.D. Pa. Aug. 29, 2013) (dismissing habeas action for lack of jurisdiction because the petitioner was not located in that district)

*Meyers v. Fisher, et al.*, C/A No. 1:13-cv-01631-JEJ-CA, 2014 WL 4626502 (M.D. Pa. Sept. 15, 2014) (granting defendants' motion to dismiss civil action based on statute of limitations)

**United States District Court for the Eastern District of Virginia**

*Meyers v. Forsythe*, C/A No. 2:06-cv-00396-RGD-TEM, at doc. 4 (E.D. Va. Sept. 25, 2006) (dismissing habeas claims as moot)

*Meyers v. Forsythe, et al.*, C/A No. 2:06-cv-00395-RGD-JEB, at doc. 5 (E.D. Va. Oct. 20, 2006) (dismissing civil action without prejudice to the plaintiff's right to refile)

*Meyers v. Johnson*, C/A No. 2:07-cv-00052-RGD-TEM, at doc. 7 (E.D. Va. Mar. 26, 2007) (dismissing habeas claims for failure to exhaust)

*Meyers v. Jones, et al.*, C/A No. 2:07-cv-00055-RGD-FBS, at doc. 7 (E.D. Va. Apr. 18, 2007) (dismissing civil action without prejudice to the plaintiff's right to refile)

*Meyers v. U.S. Dist. Ct. (Richmond Div.), et al.*, C/A. No. 2:07-cv-00436-RGD-TEM, at doc. 2 (E.D. Va. Oct. 2, 2007) (dismissing case and directing that the complaint be filed as an amended complaint in Case Number 2:07-cv-00363-RGD-TEM)

*Meyers v. U.S. Dist. Ct., et al.*, C/A No. 2:07-cv-00363-RGD-TEM, 2007 WL 3254783 (E.D. Va. Nov. 1, 2007) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S.*, C/A No. 2:07-cv-00543-RGD-TEM, at doc. 6 (E.D. Va. Jan. 3, 2008) (transferring civil action to the Richmond Division of the United States District Court for the Eastern District of Virginia)

*Meyers v. Hull, et al.*, C/A No. 2:07-cv-00460-RGD-TEM, at doc. 8 (E.D. Va. Feb. 11, 2008) (dismissing case without prejudice to refiling to correct filing deficiencies)

*Meyers v. Va. State Bar, et al.*, C/A No. 2:08-cv-00078-RGD-TEM, at doc. 5 (E.D. Va. Apr. 9, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Connor, et al*., C/A No. 3:08-cv-00240-JRS, at doc. 7 (E.D. Va. June 19, 2008) (dismissing civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure)

*Meyers v. U.S*., C/A No. 3:08-cv-00010-JRS, 2008 WL 4265167 (E.D. Va. Sept. 12, 2008) (dismissing habeas claims without prejudice)

*Meyers v. Frazier, et al*., C/A No. 3:08-cv-00465-JRS, at doc. 4 (E.D. Va. Sept. 30, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Nationwide Mut. Ins. Co., et al*., C/A No. 3:08-cv-00466-JRS, at doc. 10 (E.D. Va. Oct. 30, 2008) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Mukasey, et al*., C/A No. 3:08-cv-00581-JRS, 2009 WL 210715 (E.D. Va. Jan. 28, 2009) (dismissing habeas claims without prejudice)

*Meyers v. U.S*., C/A No. 2:12-cv-00223-RGD-TEM, at doc. 18 (E.D. Va. Apr. 25, 2013) (transferring habeas action to the Richmond Division of the United States District Court for the Eastern District of Virginia)

*Meyers v. Newton*, C/A No. 3:13-cv-00546-JRS, at doc. 5 (E.D. Va. Nov. 4, 2013) (dismissing habeas claims as duplicative of Case Number 3:12-cv-00857-JRS)

*Meyers v. Newton*, C/A No. 3:12-cv-00857-JRS, 2014 WL 243197 (E.D. Va. Jan. 22, 2014) (dismissing habeas claims for failure to exhaust)

*Meyers v. Armistead, et al*., C/A No. 2:13-cv-00222-RGD-TEM, at doc. 18 (E.D. Va. Dec. 16, 2014) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. U.S*., C/A No. 3:13-cv-00261-JRS, at doc. 25 (E.D. Va. May 12, 2015) (dismissing habeas claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure)

*Meyers v. Wright, et al*., C/A No. 3:16-cv-00005-REP-RCY, at doc. 12 (E.D. Va. May 18, 2016) (dismissing habeas claims for failure to pay the filing fee or submit circumstances to justify excusing payment of the filing fee)

*Meyers v. Kellett, et al*., C/A No. 2:16-cv-00722-RGD-RJK, at doc. 4 (E.D. Va. Jan. 25, 2017) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. U.S. Att'y Gen*., C/A No. 2:17-cv-00161-RGD-LRL, at doc. 4 (E.D. Va. Mar. 28, 2017) (dismissing claims based upon voluntary dismissal filed by the plaintiff)

*Meyers v. Clarke*, C/A No. 2:19-cv-00234-AWA-RJK, 2020 WL 4740477 (E.D. Va. Aug. 14, 2020) (dismissing habeas claims on the merits)

*Meyers v. Clarke*, C/A No. 2:20-cv-00466-AWA-LRL, at doc. 29 (E.D. Va. Jan. 15, 2021) (dismissing habeas claims as successive)

*Meyers v. Perry, et al.*, C/A No. 2:21-cv-00338-AWA-DEM, at doc. 4 (E.D. Va. Aug. 6, 2021) (dismissing civil claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to keep address updated with the Court)

*Meyers v. Berryhill, et al.*, C/A No. 2:19-cv-00078-AWA-RJK, at doc. 44 (E.D. Va. Jan. 12, 2022) (dismissing civil action as duplicative of Case Number 2:17-cv-00657-AWA-RJK)

*Meyers v. Kijakazi*, C/A No. 2:17-cv-00657-AWA-RJK, 2022 WL 326097 (E.D. Va. Jan. 14, 2022) (dismissing social security claims based upon *res judicata*)

*Meyers v. Miller, et al.*, C/A No. 2:20-cv-00467-RAJ-LRL, 2022 WL 326096 (E.D. Va. Jan. 25, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Wethington, et al.*, C/A No. 2:21-cv-00008-RAJ-LRL, at doc. 12 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Spencer, et al.*, C/A No. 2:21-cv-00009-RAJ-RJK, at doc. 14 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Roundtree, et al.*, C/A No. 2:21-cv-00010-RAJ-DEM, at doc. 25 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Perry, et al.*, C/A No. 2:21-cv-00031-RAJ-DEM, at doc. 14 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00468-RAJ-LRL, at doc. 30 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Fleming*, *et al.*, C/A No. 2:20-cv-00638-RAJ-LRL, at doc. 15 (E.D. Va. Jan. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00121-AWA-RJK, at doc. 57 (E.D. Va. Jan. 28, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00045-AWA-DEM, at doc. 57 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00046-AWA-LRL, at doc. 55 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Hamilton, et al.*, C/A No. 2:20-cv-00049-AWA-LRL, at doc. 59 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Grievance Coordinator Mosley*, C/A No. 2:20-cv-00064-AWA-DEM, at doc. 73 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Brown, et al.*, C/A No. 2:20-cv-00070-AWA-RJK, at doc. 68 (E.D. Va. Feb. 10,

2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Petersburg Cir. Ct., et al.*, C/A No. 2:20-cv-00071-AWA-DEM, at doc. 53 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S., et al.*, C/A No. 2:19-cv-00298-AWA-RJK, at doc. 39 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. The U.N., et al.*, C/A No. 2:19-cv-00311-AWA-DEM, at doc. 38 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Krebs, et al.*, C/A No. 2:19-cv-00449-AWA-DEM, at doc. 44 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Krebs, et al.*, C/A No. 2:19-cv-00472-AWA-RJK, at doc. 52 (E.D. Va. Feb. 10, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Dir. of Action All. Commonwealth of VAPREA Hotline Ctr., et al.*, C/A No. 2:20-cv-00122-AWA-DEM, at doc. 69 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Corbell, et al.*, C/A No. 2:21-cv-00355-AWA-RJK, at doc. 8 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Dir. of JPay Corp., et al.*, C/A No. 2:20-cv-00360-AWA-LRL, at doc. 32 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Gilmore, et al.*, C/A No. 2:20-cv-00444-AWA-LRL, at doc. 30 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Stoney, et al.*, C/A No. 2:20-cv-00469-AWA-DEM, at doc. 38 (E.D. Va. Feb. 18. 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Robinson, et al.*, C/A No. 2:20-cv-00523-AWA-LRL, at doc. 30 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. JPay Corp., et al.*, C/A No. 2:20-cv-00586-AWA-DEM, at doc. 22 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 2:20-cv-00588-AWA-RJK, at doc. 22 (E.D. Va. Feb. 18, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke*, C/A No. 2:20-cv-00627-AWA-RJK, 2022 WL 676274 (E.D. Va. Mar. 7, 2022) (dismissing habeas claims without prejudice)

*Meyers v. Special Needs X-Press, Inc., et al.*, C/A No. 2:21-cv-00342-AWA-DEM, at doc.

16

5 (E.D. Va. May 11, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Boxer, et al*., C/A No. 2:21-cv-00371-AWA-DEM, at doc. 11 (E.D. Va. May 11, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Ishee, et al*., C/A No. 3:22-cv-00138-MHL-MRC, 2022 WL 1633619 (E.D. Va. May 23, 2022) (dismissing habeas claims as successive)

*Meyers v. Dye, et al*., C/A No. 2:18-cv-00616-AWA-DEM, at doc. 43 (E.D. Va. June 9, 2022) (transferring civil action to the United States District Court for the Western District of Virginia)

*Meyers v. Dudley*, C/A No. 2:18-cv-00617-AWA-DEM, at doc. 43 (E.D. Va. June 9, 2022) (transferring mandamus action to the United States District Court for the Western District of Virginia)

*Meyers v. Clarke, et al*., C/A No. 2:22-cv-00069-AWA-LRL, at doc. 3 (E.D. Va. Aug. 3, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S*., C/A No. 2:22-cv-00139-AWA-RJK, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Pitney, et al*., C/A No. 2:22-cv-00141-AWA-DEM, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S*., C/A No. 2:22-cv-00242-AWA-RJK, at doc. 3 (E.D. Va. Aug. 4, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Petersburg Cir. Ct., et al*., C/A No. 2:22-cv-00356-AWA-RJK, at doc. 3 (E.D. Va. Aug. 26, 2022) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. The Chief Judge of the U.S. Dist. Ct. Norfolk Va. Div., et al*., C/A No. 2:22-cv-00063-AWA-RJK, at doc. 4 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions)

*Meyers v. Sup. Ct. of Va., et al*., C/A No. 2:21-cv-00477-AWA-RJK, at doc. 5 (E.D. Va. Nov. 3, 2022) (dismissing civil action as frivolous and malicious and entering an order of prefiling review requiring the plaintiff to seek leave from the court to file additional non-habeas actions)

*Meyers v. Kellett, et al*., C/A No. 2:17-cv-00102-AWA-DEM, at doc. 97 (E.D. Va. May 10, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Allen, et al*., C/A No. 2:22-cv-00409-EWH-RJK, at doc. 7 (E.D. Va. July 11, 2023) (dismissing civil action as frivolous)

17

*Meyers v. Connor, et al.*, C/A No. 2:23-cv-00063-AWA-RJK, at doc. 5 (E.D. Va. Aug. 1, 2023) (denying leave to file action based upon prefiling injunction because the plaintiff did not comply with the prefiling injunction in filing the action)

*Meyers v. Clarke, et al.*, C/A No. 2:23-cv-00022-AWA-DEM (E.D. Va.) (pending)

*Meyers v. U.S.*, C/A No. 2:23-cv-00345-AWA-RJK (E.D. Va.) (pending)

*Meyers v. U.S.*, C/A No. 2:23-cv-00384-AWA-LRL (E.D. Va.) (pending)

*Meyers v. Postmaster Gen. of U.S. Postal Serv., et al.*, C/A No. 2:23-cv-00434-AWA-LRL (E.D. Va.) (pending)

**United States District Court for the Western District of Virginia**

*Meyers v. Young, et al.*, C/A No. 7:17-cv-00017-GEC-RSB, 2017 WL 512461 (W.D. Va. Feb. 7, 2017) (dismissing habeas action as moot)

*Meyers v. U.S. Att'y Gen., et al.*, C/A No. 7:17-cv-00075-GEC-PMS, at docs. 8; 9 (W.D. Va. Apr. 4, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Clarke, et al.*, C/A No. 7:17-cv-00201-GEC-PMS, at docs. 4; 5 (W.D. Va. June 1, 2017) (dismissing civil action for failure to comply with an order of the court)

*Meyers v. Clarke, et al.*, C/A No. 7:17-cv-00206-GEC-PMS, at docs. 4; 5 (W.D. Va. June 5, 2017) (dismissing civil action for failure to comply with an order of the court)

*Meyers v. U.S. Att'y Gen.*, C/A No. 7:17-cv-00167-GEC-PMS, at docs. 11; 12 (W.D. Va. June 6, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Dir. of the Pat. and Trademark Off.*, C/A No. 7:17-cv-00233-GEC-PMS, at docs. 3; 4 (W.D. Va. June 29, 2017) (dismissing mandamus action for failure to comply with an order of the court)

*Meyers v. Bentley, et al.*, C/A No. 7:18-cv-00051-JPJ-PMS, at doc. 23 (W.D. Va. Apr. 30, 2018) (dismissing civil action without prejudice)

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00273-JPJ-PMS, 2018 WL 3532727 (W.D. Va. July 23, 2018) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00371-JPJ-PMS, 2018 WL 3752858 (W.D. Va. Aug. 8, 2018) (dismissing civil claims as duplicative of those filed in Case Number C/A No. 7:18-cv-00029-JPJ-PMS as well as for failure to exhaust)

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00379-JPJ-PMS, at docs. 9; 10 (W.D. Va. Aug. 13, 2018) (dismissing civil claims as duplicative of those filed in Case Number C/A No. 7:18-cv-00029-JPJ-PMS as well as for failure to exhaust)

18

*Meyers v. Clarke*, C/A No. 7:18-cv-00435-JPJ-PMS, at docs. 5; 6 (W.D. Va. Sept. 7, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Jones, et al.*, C/A No. 7:18-cv-00414-MFU, 2018 WL 11488133 (W.D. Va. Nov. 2, 2018) (dismissing civil action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1) and warning regarding the entry of a prefiling injunction)

*Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00458-MFU-RSB, at docs. 4; 5 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Clarke, et al.*, C/A No. 7:18-cv-00460-MFU-RSB, 2018 WL 9847732 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Dist. Ct. Big Stone Gap Div., et al.*, C/A No. 7:18-cv-00472-MFU-RSB, 2018 WL 11486919 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Northam,* C/A No. 7:18-cv-00473-MFU-RSB, 2018 WL 11513294 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Dist. Ct. Roanoke Div., et al.*, C/A No. 7:18-cv-00474-MFU-RSB, at docs. 2; 3 (W.D. Va. Nov. 2, 2018) (dismissing mandamus action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. U.S. Postal Serv., et al.*, C/A No. 7:18-cv-00029-JPJ-PMS, at docs. 96; 97 (W.D. Va. Nov. 15, 2018) (dismissing civil action as moot)

*Meyers v. Counts, et al.*, C/A No. 7:18-cv-00502-MFU, at doc. 6 (W.D. Va. Nov. 28, 2018) (consolidating civil claims with those brought in Case Number 7:18-cv-00485-MFU-PMS and closing case)

*Meyers v. Kiser, et al.*, C/A No. 7:18-cv-00556-MFU, at doc. 5 (W.D. Va. Dec. 18, 2018) (consolidating civil claims with those brought in Case Number 7:18-cv-00485-MFU-PMS and closing case)

*Meyers v. Dye, et al.*, C/A No. 7:18-cv-00557-MFU, at docs. 9; 10 (W.D. Va. Jan. 31, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 7:19-cv-00038-MFU-RSB, 2019 WL 489137 (W.D. Va. Feb. 7, 2019) (dismissing civil claims for lack of jurisdiction and pursuant to 28 U.S.C. § 1915A(b))

*Meyers v. Kiser, et al.*, C/A No. 7:18-cv-00485-MFU-PMS, 2019 WL 2185140 (W.D. Va. May 21, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00003-MFU-PMS, 2019 WL 2185139 (W.D. Va.

19

May 21, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Sargent, et al.*, C/A No. 7:19-cv-00002-MFU-PMS, at docs. 8; 9 (W.D. Va. June 3, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Jones, et al.*, C/A No. 7:18-cv-00598-MFU-RSB, at docs. 43; 44 (W.D. Va. June 10, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Flemmings, et al.*, C/A No. 7:19-cv-00174-MFU-RSB, at docs. 4; 5 (W.D. Va. June 10, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Roanoke U.S. Att'y, et al.*, C/A No. 7:19-cv-00573-NKM-JCH, at doc. 5 (W.D. Va. Aug. 26, 2019) (dismissing civil claims as frivolous and malicious and entering prefiling injunction against the plaintiff)

*Meyers v. Baker, et al.*, C/A No. 7:19-cv-00711-NKM-JCH, at doc. 9 (W.D. Va. Oct. 30, 2019) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S. Marshal's Serv., et al.*, C/A No. 7:19-cv-00572-NKM-JCH, at docs. 8; 9 (W.D. Va. Nov. 1, 2019) (dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Moon, et al.*, C/A No. 7:19-cv-00798-EKD-JCH, at doc. 4 (W.D. Va. Dec. 2, 2019) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Hall, et al.*, C/A No. 7:19-cv-00250-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00406-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00496-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:19-cv-00558-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Ely, et al.*, C/A No. 7:19-cv-00605-NKM-JCH, 2020 WL 1482561 (W.D. Va. Mar. 27, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:20-cv-00087-GEC-PMS, 2020 WL 1892309 (W.D. Va. Apr. 16, 2020) (dismissing habeas action without prejudice)

*Meyers v. Williams, et al.*, C/A No. 7:21-cv-00200-EKD-JCH, at doc. 2 (W.D. Va. Apr. 7, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Dorton, et al.*, C/A No. 7:21-cv-00224-EKD-JCH, 2021 WL 2325337 (W.D. Va. Apr. 21, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S.*, C/A No. 7:21-cv-00245-EKD-JCH, 2021 WL 2327065 (W.D. Va. Apr. 29, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. U.S.*, C/A No. 7:21-cv-00276-EKD-JCH, 2021 WL 4055466 (W.D. Va. May 21, 2021) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S.*, C/A No. 7:21-cv-00313-EKD-JCH, at doc. 2 (W.D. Va. May 21, 2021) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Manis, et al.*, C/A No. 7:21-cv-00314-EKD-JCH, 2021 WL 3829883 (W.D. Va. May 21, 2021) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Dudley,* C/A No. 7:22-cv-00299-EKD-JCH, 2022 WL 2252968 (W.D. Va. June 22, 2022) (dismissing civil action for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Meyers v. Dye, et al.*, C/A No. 7:22-cv-00298-EKD-JCH, at docs. 49; 50 (W.D. Va. Aug. 1, 2022) (dismissing civil action without prejudice for failure to comply with an order of the court)

*Meyers v. Austin, et al.*, C/A No. 7:22-cv-00739-EKD-JCH, 2023 WL 4230389 (W.D. Va. Feb. 9, 2023) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

*Meyers v. Clarke, et al.*, C/A No. 7:23-cv-00160-MFU-PMS, 2023 WL 2815366 (W.D. Va. Apr. 6, 2023) (dismissing civil action for failure to comply with prefiling injunction)

*Meyers v. Rosch, et al.*, C/A No. 7:23-cv-00301-EKD-JCH, 2023 WL 3728691 (W.D. Va. May 30, 2023) (dismissing civil action for failure to comply with prefiling injunction)

**United States District Court for the Middle District of Florida**

*Meyers v. Dir. of JPay Corp., et al.*, C/A No. 6:20-cv-000947-RBD-GJK, at doc. 7 (M.D. Fla. July 1, 2020) (transferring civil action to the United States District Court for the Eastern District of Virginia)

*Meyers v. U.S.*, C/A No. 6:20-cv-01890-GKS-GJK, at doc. 4 (M.D. Fla. Oct. 22, 2020) (dismissing civil action for failure to state a claim)

*Meyers v. Jpay Corp., et al.*, C/A No. 6:20-cv-02098-RBD-EJK, at doc. 3 (M.D. Fla. Nov. 19, 2020) (transferring civil action to the United States District Court for the Eastern District of Virginia)

**United States District Court for the Southern District of Florida**

*Meyers v. Chief Exec. Officer of JPay Corp., et al*., C/A No. 1:20-cv-24928-RS, 2020 WL 8676048 (S.D. Fla. Dec. 7, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule and noting improper venue)

**United States District Court for the District of Columbia**

*Meyers v. Fed. Bureau of Prisons, et al*., C/A No. 1:10-cv-00608-UNA, at doc. 3 (D.D.C. Apr. 20, 2010) (transferring civil action to the United States District Court for the Middle District of Pennsylvania)

*Meyers v. Troiani*, C/A No. 1:19-mc-00176-UNA, at doc. 1 (D.D.C. Oct. 16, 2019) (closing miscellaneous case for failure to comply with an order of the court)

*Meyers v. U.S.*, C/A No. 1:20-cv-00624-UNA, at doc. 4 (D.D.C. Mar. 11, 2020) (dismissing civil action for failure to pay filing fee based upon three strikes rule)

**United States District Court for the District of Maryland**

*Meyers v. U.S. Dist. Ct. Baltimore Div., et al*., C/A No. 1:18-cv-02918-ELH, 2018 WL 4913877 (D. Md. Oct. 9, 2018) (dismissing mandamus action seeking social security benefits)

*Meyers v. Comm'r Soc. Sec. Admin*, C/A No. 1:18-cv-00129-ELH, 2018 WL 5026378 (D. Md. Oct. 17, 2018) (dismissing challenge to social security benefits decisions)

*Meyers v. Acting Comm'r Nancy Berryhill, et al*., C/A No. 1:18-cv-03353-CCB, at doc. 7 (D. Md. Nov. 14, 2018) (dismissing with prejudice mandamus action challenging denial of social security benefits)

**United States District Court for the Western District of Missouri**

*Meyers v. U.S. Dep't of Treasury, et al*., C/A No. 4:21-cv-00048-HFS, at doc. 4 (W.D. Mo. Jan. 27, 2021) (dismissing mandamus action for failure to pay filing fee based upon three strikes rule)

*Meyers v. U.S. Dep't of Treasury*, et al*., C/A No. 4:21-cv-00130-GAF, at doc. 3 (W.D. Mo. Apr. 16, 2021) (dismissing mandamus action for failure to pay filing fee based upon three strikes rule)

**United States District Court for the District of New Jersey**

*Meyers v. Postmaster Gen. of U.S. Postal Serv., et al*., C/A No. 2:21-cv-08723-CCC-MAH, 2023 WL 5533340 (D. N.J. Aug. 28, 2023) (transferring civil action to the United States District Court for the Eastern District of Virginia)

22

**United States District Court for the Eastern District of New York**

*Meyers v. Special Needs X-Press, Inc.,* C/A No. 1:21-cv-00185-AMD-CLP, at doc. 9 (E.D.N.Y. Apr. 14, 2021) (dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and based on a lack of subject matter jurisdiction)

*Meyers v. Special Needs X-Press, Inc., et al.*, C/A No. 1:21-cv-02600-AMD-CLP, at doc. 2 (E.D.N.Y. June 17, 2021) (transferring civil action to the United States District Court for the Eastern District of Virginia)

**United States Court of Federal Claims**

*Meyers v. U.S.*, C/A No. 1:19-cv-01457-CFL, 2019 WL 6622839 (Fed. Claims Dec. 5, 2019) (dismissing civil action for failure to pay filing fee based upon three strikes rule and granting the defendant's motion to dismiss the plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915A(B)(i), lacks subject matter jurisdiction, and fails to state a claim for relief)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

United States District Court
Attention: Clerk's Office
401 West Trade Street
Charlotte, North Carolina 28202

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

24