IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| David Meyers, | ) | Case No 5:23-cv-00081-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alexander Correctional Institution | ) | |
| Wardens and Peter Bucholtz, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's petition brought pursuant to 28

U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and by Order of the

Honorable Martin Reidinger, United States Chief District Judge for the Western District of

North Carolina, this matter was referred to United States Magistrate Judge Kevin F.

McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On

October 5, 2023, the Magistrate Judge issued a Report recommending dismissal of this

action because it is duplicative, his conditions of confinement claims are not cognizable

as habeas claims, his claims fail to meet the pleading requirements of Federal Rule of

Civil Procedure 8, and his request for transfer cannot be granted by this Court.  ECF No.

6.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing

objections to the Report and the serious consequences if he failed to do so.  Petitioner

filed objections to the Report.[1]

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection.  *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of a timely filed objection, a district court need not conduct a de novo

review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge provided a thorough recitation of the

relevant facts and applicable law, which the Court incorporates by reference.  Petitioner's

objections mainly allege bias by Judge McDonald; however, he does state that the

Magistrate Judge seeks to "deliberately violate federal statute 28 U.S.C.A. Section 2254

---

[1] Plaintiff moves for an "enlargement of time for the Honorable Court to receive . . . objection[s]."  ECF No. 8.  The Court finds that the objections were timely filed and, therefore, the motion for extension of time is moot.

. . . ." ECF No. 9 at 2.  While the Court is of the opinion that Petitioner's objections fail to specifically object to the Report, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner also states that "U.S. Magistrate Judge Kevin McDonald is going to have the other white supremacist[,] racist U.S. Judge Donald C. Coggins dismiss the case" and argues that dismissal would be an ethical violation.  ECF No. 9 at 1–2.  To the extent this assertion is intended to request recusal of the undersigned, the request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2]  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

Petitioner seems to allege that future rulings by the undersigned would be grounds for recusal.  Judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion."  *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994).  "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they

---

[2] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id*.

Petitioner has not alleged any other basis or supporting facts for recusal beyond the Court's own presumed rulings. His allegations, therefore, are insufficient as a matter of law to establish any basis for the undersigned to recuse himself.

Accordingly, the Court adopts the recommendation of the Magistrate Judge. The petition is **DISMISSED** without prejudice and without requiring Respondents to file a Return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 5, 2023
Spartanburg, South Carolina

4